CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 0 3 2007 H'b'rg
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> MARK WAYNE WOODS, <br> BRUCE EDWARD WOODS <br> *Defendants* | CRIMINAL NO. 5:03cv30054 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on an order from the Fourth Circuit remanding this case for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

Defendants were originally sentenced on March 15, 2004; Defendants were re-sentenced, pursuant to the Fourth Circuit's remand, on March 26, 2007.

### I. Discussion: Bruce Woods

First, the Government moved to dismiss Count Fifteen of the indictment as the evidence adduced at trial did not show an interstate commerce nexus necessary to support the jury's conviction of Bruce Woods on that count. Count Fifteen was therefore dismissed.

Second, I sentenced Bruce Woods to a thirty-year mandatory statutory minimum for Count Fourteen. At his initial sentencing, Bruce received the thirty-year minimum as required under 18 U.S.C. § 924(c)(1)(B) but, a week later, I issued an order stating that the issue of whether a firearm is a machinegun under § 924 was answered by the Supreme Court in *Castillo v. United States*, 530 U.S. 120 (2000). In *Castillo*, the Supreme Court held that the firearm characteristics in § 924 are elements of a separate offense and, therefore, must be charged in the indictment and found by a jury beyond a reasonable doubt.

The indictment alleged in Count Fourteen that Bruce Woods "knowingly possessed and

- 1 -

brandished a firearm in furtherance of a drug trafficking crime," which was a "violation of Title 18, United States Code, Section 924(c)(1)." Bruce argues that because Count Fourteen did not allege that the weapon was a machinegun and because the Supreme Court held in *Castillo* that the firearm characteristics found in § 924(c)(1)(B) are elements of the substantive use/carry/possess offenses in § 924(c)(1)(A), he should not receive the thirty-year mandatory minimum found in § 924(c)(1)(B)(ii).

*Castillo*, however, involved a previous version of § 924, one in which the relevant language was combined in one section, and, indeed, in one sentence:

> Whoever, during and in relation to any crime of violence ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle [or a] short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

*Castillo*, 530 U.S. at 122 (quoting 18 U.S.C. § 924(c)(1)).

Now, however, the statute reads as follows:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
> (B) If the firearm possessed by a person convicted of a violation of this subsection--
> (i) is a short-barreled rifle, short-barreled shotgun, the person shall be sentenced to a term of imprisonment of not less than 10 years; or

- 2 -

> (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

18 U.S.C.A. § 924 (2007).

The Supreme Court had five reasons in *Castillo* for finding that the firearm characteristics in § 924 were elements of a separate offense and not merely factors that could be found by the judge by a preponderance of the evidence at sentencing. *See Castillo*, 530 U.S. at 121, 124.

First, and most importantly, the language and structure of the former § 924 "strongly suggest[ed]" that the firearm characteristics were not sentencing factors, *see id.* at 125, but were instead elements of an offense because "uses or carries a firearm" and "machinegun" were "in a single sentence" and "not broken up with dashes or separated into subsections," *see id.* at 124–25. Second, historically, courts typically did not treat firearm types as sentencing factors when using or carrying the firearm was the substantive crime. *See id.* at 126. Third, asking a jury (instead of a judge) to find the relevant firearm characteristics "would rarely complicate a trial or risk unfairness." *Id.* at 127. Fourth, the legislative history of § 924 did not favor a finding that the firearm characteristics were merely sentencing factors. *See id.* at 129–30. And fifth, the length and severity of a sentence based on the firearm's characteristics weighed in favor of holding that the characteristics are elements of a separate offense. *See id.* at 131.

The Fourth Circuit addressed this issue in *United States v. Harrison*, 272 F.3d 220 (4th Cir. 2001). In *Harrison*, the Fourth Circuit held that the post-*Castillo* version of § 924(c)(1)(B) set forth sentencing factors, and, therefore, the firearm characteristics in that subsection need only be found by a judge by a preponderance of the evidence. *See Harrison*, 272 F.3d at 225–26 ("[Section 924(c)(1)(B)] makes sense only as a sentencing factor that cabins a judge's discretion when imposing a sentence for the base offense in § 924(c)(1) ....").

- 3 -

The Seventh, Eighth, and Tenth Circuits have also determined that the firearm characteristics in § 924(c)(1)(B) are merely sentencing factors and not elements of a separate crime. *See United States v. Sandoval*, 241 F.3d 549 (7th Cir. 2001); *United States v. Gamboa*, 439 F.3d 796, 810–12 (8th Cir. 2006); *United States v. Avery*, 295 F.3d 1158, 1169–72 (10th Cir. 2002). *But see United States v. Harris*, 397 F.3d 404, 406 (6th Cir. 2005) (finding that the firearm characteristics in § 924(c)(1)(B) are elements of a separate offense and, therefore, must be included in the indictment and found by a jury beyond a reasonable doubt).[1]

Additionally, neither the Fourth Circuit in *Harrison* nor the Seventh, Eighth, or Tenth Circuits took issue with such a determination in light of *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *McMillan*, the Supreme Court held that judges may find facts that increase a defendant's mandatory *minimum* sentence, *see McMillan*, 477 U.S. at 79; in *Apprendi*, however, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory *maximum* must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi*, 530 U.S. at 490 (emphasis added). These two cases are reconcilable, as the Supreme Court itself held in *Harris v. United States*, 536 U.S. 545, 557 (2002) (plurality opinion) ("As we shall explain, *McMillan* and *Apprendi* are consistent ...").

Section 924(c)(1)(B) deals with mandatory *minimum* sentences; the *maximum* sentence for a § 924(c) violation is life imprisonment. *See Harrison*, 272 F.3d at 225–26 ("[A]s a provision marking out a separate offense, § 924(c)(1)(B) would be incomplete; it sets forth no determinate sentence or even any upper limit on sentencing. It makes sense only as a sentencing factor that cabins a judge's discretion when imposing a sentence for the base offense in

---

[1] The Sixth Circuit's holding in *Harris* is discussed *post*.

§ 924(c)(1), for which the maximum penalty is life imprisonment."). In other words, a defendant found guilty of violating § 924 would face a mandatory statutory minimum of five years of imprisonment; if the gun were a short-barreled rifle or shotgun, he would face a mandatory statutory minimum of ten years of imprisonment; if the gun were a machinegun, he would face a mandatory statutory minimum of thirty years of imprisonment. Regardless of these mandatory minimums, however, the defendant would *always* face a maximum possible sentence of life imprisonment. Because a sentencing judge is not altering the maximum sentence in finding these firearm characteristics, *Apprendi* is not thereby violated. *See, e.g., Harrison*, 272 F.3d at 226 (discussing *Sandoval* and *Apprendi*).

Only one case, *United States v. Harris*, 397 F.3d 404, 406 (6th Cir. 2006), has held that the firearm characteristics in § 924(c)(1)(B) are elements instead of sentencing factors. The Sixth Circuit based its decision on three rationales, the first two of which were factors partially underlying the Supreme Court's rationale in *Castillo*: (1) although the "brandishing" portion of § 924—§ 924(c)(1)(A)(ii)—was traditionally a sentencing factor, firearm characteristics—as found in § 924(c)(1)(B)(i) and (ii)—are traditionally elements of a different offense; (2) the incremental changes in the mandatory minimums in § 924(c)(1)(A)—5 years, 7 years (brandished), 10 years (discharged)—are much smaller gradations than are the mandatory minimums in § 924(c)(1)(B)—5 years, 10 years (short-barreled), 30 years (machinegun); and (3) because a holding that the firearm characteristics in § 924(c)(1)(B) are sentencing factors could conflict with *United States v. Booker*, 543 U.S. 220 (2005), the constitutional avoidance doctrine requires a holding that the firearm characteristics are elements.

Although the Sixth Circuit makes a persuasive argument, I am bound by the Fourth Circuit's holding in *Harrison* that the firearm characteristics are sentencing factors. Indeed, the

- 5 -

Fourth Circuit had before it in *Harrison* the *Castillo* opinion, in which the Supreme Court listed its five reasons for finding that a "machinegun" characteristic was an element of a § 924(c) offense. Had the Fourth Circuit found the language and structure rationale not to be enough to overcome the remaining reasons for the Supreme Court's decision, it could have said so in *Harrison*. It did not.

The Sixth Circuit was also concerned that to hold otherwise could violate *Booker*. *Booker*, however, did not address judicial fact-finding for mandatory statutory provisions; instead, it dealt only with judicial fact-finding for the (now advisory) Sentencing Guidelines. In my opinion, *Booker* does not cover the situation here.

For these reasons, I am persuaded that the firearm characteristics listed in 18 U.S.C. § 924(c)(1)(B) are sentencing factors. Because at sentencing I found by a preponderance of the evidence that the gun Bruce Woods possessed (and brandished) in furtherance of a drug trafficking crime was a machinegun under § 924(c)(1)(B)(ii), the thirty-year mandatory minimum sentence I gave him for Count Fourteen is the appropriate sentence.[2]

## II. Discussion: Mark Woods

Mark argues first that his convictions of Counts Five, Eight, Eleven, and Sixteen cannot stand because the stipulation—which was agreed to by the parties, stated Mark was a convicted felon, and was read to the jury during trial—failed to state Mark's prior-felon status as of the dates of the offenses in those counts. In *United States v. Clark*, 993 F.2d 402 (4th Cir. 1993), the Fourth Circuit upheld a defendant's conviction based on a similarly worded stipulation because the parties clearly intended that the stipulation have the effect of absolving the Government from putting forth further evidence of that element. *See Clark*, 993 F.2d at 405–06. ("As importantly,

---

[2] This thirty-year sentence for Count Fourteen is to run consecutively to the eighty-seven months for Count I.

Case 5:03-cr-30054-NKM-RSB   Document 148   Filed 04/03/07   Page 6 of 8   Pageid#: 169

Clark's stipulation in the context of the trial clearly carried with it the parties' intent that the government need not prove the element of § 922(g) that Clark had been previously convicted of a crime punishable by imprisonment exceeding one year."). Based on *Clark*, and because my instruction to the jury regarding the stipulation likely led them to believe that this element was conceded by Mark, I will not disturb the jury's verdict.

Mark next argues that conviction on one of the four charged counts of possession in furtherance of a drug trafficking crime must be dismissed. He argues that his conviction for Count Two must be dismissed because the time frame covered by Count Two in the indictment (March 2002 through September 26, 2002) necessarily encompasses the time frame covered by Counts Four, Seven, and Ten (June 2002). I was not persuaded earlier by these arguments and nothing the parties have offered since has changed my mind.

Finally, Mark argues that because the jury found him guilty of the lesser-included offenses of simple possession—a misdemeanor—in Counts Three, Six, and Nine, his convictions of violations of 18 U.S.C. § 924(c), charged in Counts Four, Seven, and Ten, cannot stand because the firearm convictions cannot be predicated on misdemeanors.

As I determined at the original sentencing, *United States v. Crump*, 120 F.3d 462 (4th Cir. 1997), controls. In *Crump*, the Fourth Circuit held that a defendant need not be convicted of the underlying offense in order to be convicted of a § 924(c) violation. *See Crump*, 120 F.3d at 466. ("In accordance with the views of all the circuits considering the question, we hold that a defendant's conviction under § 924(c)(1) does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt."). As in *Crump*, the jury here had sufficient evidence to convict Mark of three counts of distribution of methamphetamine, despite

the fact that it refused to convict him of those offenses. *See id.*; *see also United States v. Hopkins*, 310 F.3d 145, 152–53 (4th Cir. 2002) (reiterating the rule in *Crump* and stating that it was "irrelevant that the jury did not find in some other count that the same evidence sufficiently supported" the predicate offense).

* * *

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____<br>United States District Judge<br><br>April 3, 2007<br>Date