# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal Case No. 5:03cr30054-1** |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **MARK WAYNE WOODS.** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Petitioner, Mark Wayne Woods, filed this 28 U.S.C. § 2255 motion challenging the validity of his sentence and conviction for various drug and firearm offenses. Woods claims that his 18 U.S.C. § 924(c)(1) firearms convictions should be vacated in light of Watson v. United States, 522 U.S. 74 (2007), that he should not be subject to multiple consecutive mandatory minimum sentences, and that counsel provided constitutionally deficient performance on several grounds. The court finds that Woods' claim regarding multiple consecutive mandatory minimum sentences is defaulted and he has not shown cause to excuse his default and that his remaining claims either fail on the merits or are not cognizable in a § 2255 action. Therefore, the court grants the government's motion to dismiss and dismisses Woods' motion.

## I.

After a four-day jury trial in the Western District of Virginia, the jury found Woods guilty conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count One); possessing a firearm in furtherance of a drug trafficking crime with regard to the conspiracy to distribute charge (Count Two), in violation of 18 U.S.C. § 924(c)(1); three counts of possessing a controlled substance- methamphetamine, in violation of 21 U.S.C. § 844(a)(1) (Counts Three, Six, and Nine); three counts of possessing a firearm in furtherance of a drug trafficking crime with regard

to the conspiracy to distribute charge, in violation of 18 U.S.C. § 924(c)(1) (Counts Four, Seven, and Ten); and four counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts Five, Eight, Eleven, and Sixteen). The court sentenced Woods to a total term of 1,128 months incarceration.[1] Woods appealed and, in light of United States v. Booker, 543 U.S. 220 (2005), the United States Court of Appeals for the Fourth Circuit remanded the case for re-sentencing. This court re-sentenced Woods and re-imposed the same sentence of 1,128 months incarceration. Woods filed another appeal and the Fourth Circuit affirmed his conviction and sentence. Woods filed a petition for writ of certiorari which the Supreme Court of the United States denied.

Woods then filed his instant § 2255 motion, arguing that:

1. In light of the Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007), Woods is now innocent of his § 924(c)(1) convictions (Counts Two, Four, Seven, and Ten).

2. Woods should not be subject to multiple consecutive mandatory minimum sentences for his § 924(c)(1) convictions.

3. Counsel provided ineffective assistance in failing to:

    A. Object to jury instructions that conflated the "in relation to" and the "in furtherance of" sections of § 924(c)(1);

    B. Object to Woods' sentence on the ground that the amount of methamphetamine attributed to Woods was not reasonably foreseeable to him;

    C. File motions regarding property that was allegedly lost after trial; and

---

[1] This term consisted of 168 months as to Count One; 12 months as to each of Counts Three, Six, and Nine; 120 months as to each of Counts Five, Eight, Eleven, and Sixteen, with all said terms to run concurrently; 60 months as to Count Two; and 300 months as to each of Counts Four, Seven, and Ten, with said terms to run consecutively to all other counts.

D.  Object to Woods being sentenced twice for the same underlying conduct.

## II.

Woods argues that he is now innocent of his 18 U.S.C. § 924(c)(1) conviction based on the Supreme Court of the United States' decision in Watson v. United States, 552 U.S. 74 (2007). The court finds that Watson does not apply to the facts of Woods' case and, therefore, dismisses this claim.

There are two ways to violate § 924(c)(1). First, a person violates this section where "during and in relation to any crime of violence or drug trafficking crime . . . [he] uses or carries a firearm." See § 924(c)(1). Second, a person violates this section where " in furtherance of any such crime, [he] possesses a firearm." Id. In Watson, the Court held that a person does not "use" a firearm under § 924(c)(1)(A) when he receives it in trade for drugs. The Watson decision is clearly limited to those defendants charged under § 924(c)(1) for using and carrying a firearm during and in relation to any crime of violence or drug trafficking." Watson, 552 U.S. at 83. Specifically, the Court noted that Watson did not address the second means of violating § 924(c)(1), possessing a firearm in furtherance of a crime of violence or drug trafficking. Id.

In this case, Woods was charged under § 924(c)(1) for "possess[ion of] a firearm in furtherance of a drug trafficking crime." Because Woods was charged under the possession section, rather than the "use" and "during and in relation to" section, Watson does not apply in this case. Accordingly, Woods' claim that he is innocent of his § 924(c)(1) convictions based on Watson fails and the court dismisses this claim.

## III.

Woods argues that he should not be subject to multiple consecutive mandatory minimum

sentences for his convictions under 18 U.S.C. § 924(c). However, Woods did not raise this issue at sentencing or on appeal. Therefore, the court finds that this claim is procedurally defaulted. Moreover, the court finds that Woods has not shown cause to excuse his default and, therefore, the court dismisses this claim.

The Supreme Court has noted that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been, but were not, raised on direct appeal are procedurally defaulted. Id. In the instant case, although Woods did bring an appeal, he did not raise this issue in his appeal. Therefore, the court finds that his instant claim is procedurally defaulted.

However, there are two instances when a procedurally defaulted claim may be considered on collateral review. First, a defaulted claim may be raised in a § 2255 proceeding if the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim.[2] Bousely, 523 U.S. at 622; United States v. Frady, 456 U.S. 152, 170 (1972); Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). In the alternative, a defaulted claim may be raised if the petitioner can demonstrate that he is actually innocent. Schlup v. Delo, 513 U.S. 298, 321 (1995); Mikalajunas, 186 F.3d at 493. In the instant case, Woods does not demonstrate that he

---

[2] To establish cause, Woods must point to some objective factor beyond the defendant's control that impeded or prevented him from presenting his claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 49 U.S. 467, 493-94 (1991)). To show prejudice, Evans must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 892 (4th Cir. 2000) (quoting Frady, 456 U.S. at 170).

actually innocent of the crime of which he was convicted[3], and he has offered no explanation to show cause to excuse his default. Accordingly, the court finds that his claim is procedurally defaulted and not cognizable on habeas review.

**IV.**

Woods claims that his counsel provided ineffective assistance on several grounds. However, the court finds that none of his claims meet both the performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 669 (1984), and therefore, the court dismisses them.

In order to establish an ineffective assistance claim, Beard must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669; see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the

---

[3] The court notes that Woods does allege that he is innocent of his § 924(c) convictions under Watson; however, as previously discussed, Watson is inapplicable to Woods's case.

performance prong." Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); Fields, 956 F.2d at 1297-99; Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In this case, Woods has not demonstrated ineffective assistance of counsel.

## A.

Woods alleges that trial counsel was ineffective in failing to object to jury instructions that conflated the "in relation to" and the "in furtherance of" sections of § 924(c)(1). The court finds that Woods has not shown that counsel's performance was deficient or that he suffered prejudice as a result of counsel's allegedly deficient performance, and therefore, dismisses his claim.

On direct appeal, Woods challenged the court's jury instructions on this same point. In adjudicating this claim, the Fourth Circuit determined that "viewing the jury instructions as a whole, we do not believe the errors here caused the jury to convict [Woods] on an uncharged offense. . . . Certainly there was no 'substantial likelihood' of the jury convicting on an uncharged offense." Therefore, the court found that "no constructive amendment of the indictment occurred." Because the Fourth Circuit has already determined that no constructive amendment occurred, the court finds that Woods cannot demonstrate that counsel was deficient in failing to object to the jury instructions or that he was prejudiced by counsel's failure to object. Accordingly, the court dismisses this claim.

6

**B.**

Woods argues that counsel provided ineffective assistance in failing to object to Woods' sentence on the ground that the amount of methamphetamine attributed to Woods was not reasonably foreseeable to him. The court finds that Woods has not demonstrated deficient performance by counsel or resulting prejudice. Accordingly, the court dismisses this claim.

The presentence investigation report ("PSR"), which the court adopted without change, attributed Woods with 568 grams of methamphetamine based on lab analysis from drugs seized during the search and testimony from witnesses during the jury trial. Law enforcement officials seized approximately 150 grams of methamphetamine during its raid on Woods' property. At trial, several witnesses testified to buying drugs from Woods. In particular, Allen Keyser testified that he bought on a regular basis between one-half ounce and one ounce of methamphetamine from Woods starting in Spring 2002 through September 2002. Keyser testified that he went to Woods property almost every day during that time. Even with conservative estimates assuming that by "spring," Keyser meant late-May and by bought on a "regular basis," he meant only twice a week, and assuming each purchase was only for one-half ounce, the total amount of drugs attributable to Woods is easily over 568 grams.[4] Therefore, counsel would have no basis for an objection and, thus, Woods has not demonstrated that counsel was deficient in failing to object. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987) (Counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis."). Moreover, even if counsel had objected, the

---

[4] There are approximately 18 weeks between the end of May 2002 and the end of September 2002. Assuming 2 purchases per week, for 18 weeks, that totals 36 purchases. 36 one-half ounce purchases equals 18 ounces of methamphetamine. 18 ounces equals just over 510 grams. When combined with the 150 grams seized from Woods' property, there is well over 568 grams attributable to Woods.

7

court would have overruled the objection and, therefore, Woods cannot show prejudice. Accordingly, the court dismisses this claim.

## C.

Woods alleges that counsel was ineffective in failing to object to Woods being sentenced twice for the possession of each gun during the same period, once for the charge of possessing a firearm in furtherance of a drug trafficking crime (Counts Four, Seven, and Ten) and once for the conspiracy charge (Count Two). The court finds that Woods has demonstrated neither deficient performance not resulting prejudice and, therefore, dismisses this claim.

On direct appeal, Woods alleged that his § 924(c) convictions could not stand because Count Two was multiplicitous with Counts Four, Seven, and Ten. Specifically, he argues that the jury "could easily have based it's verdict in Count Two on the same firearm or firearms for which it convicted [Woods] in Counts Four, Seven, and Ten . . . ." The Fourth Circuit found his claim was without merit and stated:

> To begin, this court has made clear that multiple acts over the course of a single continuing offense, even when involving the same firearm, will support multiple § 924(c) convictions. United States v. Camps, 32 F.3d 102. 107 (4th Cir. 1994). Moreover, Count Two was temporally broader than Counts Four, Seven, and Ten, and thus did not necessarily involve the same firearms or even the same drug offenses as Counts Four, Seven, and Ten. Further, testimony presented to the grand jury, evidence presented at trial, and the prosecutor's closing argument made clear that Count Two involved a firearm that [Woods] had sold to a man named John Sorrells in exchange for methamphetamine, and that Counts Four, Seven, and Ten involved four firearms that [Woods] had accepted as payment for methamphetamine from one of his regular customers, Curtis Jackson, in June of 2002. Finally, the jury was instructed that Counts Four, Seven, and Ten involved the Jackson firearms, but not that Count Two involved those firearms. Thus, we reject [Woods'] multiplicity argument.

Based on the Fourth Circuit's ruling on this issue, the court finds that Woods cannot
8

demonstrate that counsel's performance was deficient or that but for counsel's failure to object, the outcome of the proceeding would have been different. Accordingly, the court dismisses this claim.

V.

Woods claims that counsel was ineffective in failing to file motions regarding property that was allegedly lost after trial and alleges prosecutorial misconduct based on the government's actions related to the return of the property. However, the court finds that these claims are not cognizable in a § 2255 motion and, therefore, dismisses them.

> Pursuant to § 2255, a prisoner may file a motion under this section if he is:
>
> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Because these claims challenge neither Woods' sentence nor his conviction, the court finds that they are not cognizable in a § 2255 motion. Moreover, these claims appear to be an attempt to re-litigate an issue which the court already ruled on in September, 2009. Accordingly, the court dismisses these claims.

VI.

For the foregoing reasons, the court grants respondent's motion to dismiss and dismisses Woods' §2255 motion.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

Entered this 24th day of November, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE